IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY CHARDAVOYNE, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | Judge |
| v. ) | |
| ) | Magistrate Judge |
| REDBOX AUTOMATED RETAIL, LLC and ) | |
| COINSTAR, LLC n/k/a OUTERWALL, INC. ) | Jury Trial Demanded |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Gary Chardavoyne, by and through his attorneys, Pedersen & Weinstein LLP, for his Complaint against Defendants, Redbox Automated Retail, LLC and Coinstar, LLC n/k/a Outerwall, Inc., states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action under the Age Discrimination In Employment Act, 29 U.S.C. §621 *et seq.*, ("ADEA") and the Illinois Human Rights Act, 775 ILCS 5/2-101, *et seq.*, ("IHRA") to challenge Defendants' unlawful discrimination against him on the basis of his age.

## JURISDICTION

2. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343, and principles of pendent and supplemental jurisdiction.

## PARTIES

3. Plaintiff Gary Chardavoyne ("Plaintiff") was formerly employed by Defendants as a Director of Operations. Plaintiff began his employment in September 2008 and was unlawfully terminated in October 2016. Plaintiff was 62 years old at the time.

4. Defendant Redbox Automated Retail, LLC ("Redbox") rents and sells movies and

video games via nearly 40,000 self-service or interactive kiosks it has located across the country.

5. Defendant Coinstar, LLC n/k/a Outerwall, Inc. operates self-service coin-counting machines at kiosks located around the world. At all times relevant to this Complaint, it owned and operated Redbox.

6. Redbox and Coinstar, LLC n/k/a Outerwall, Inc. were both Plaintiff's employer and are collectively referred to herein as "Defendants."

7. At all times relevant to this Complaint, Defendants employed more than twenty (20) employees and were engaged in an industry affecting commerce.

## FACTUAL ALLEGATIONS

*Plaintiff's Employment With Defendants*

8. When Plaintiff was first hired by Defendants, he was one of only two Directors of Operations in the company and was responsible for overseeing operations in half the country.

9. Plaintiff held the position of Director of Operations over the course of his tenure, but was assigned to different regions and performed various functions over the years, depending on the needs of the company.

10. Over time, and as the company grew, Defendants eventually employed four Directors of Operations, each performing essentially the same tasks in different regions and all reporting to the same person.

11. Throughout his employment, Plaintiff discharged all duties assigned to him competently and enjoyed an excellent reputation with regard to the high quality of his work and his conscientious devotion to his job. To be sure, he consistently received favorable performance reviews over the years and notably was described in his last annual review as "a strong contributor in 2015, leading his teams to deliver successfully on all metrics and all projects." In

2

addition, Plaintiff frequently attained the highest scores of all his colleagues on the "management practice surveys," an internal rating system Defendants used to rate managers.

12. Given his exemplary performance record with the company and the fact that he enjoyed his job, Plaintiff planned to continue working for several more years. However, as described in further detail below, Defendants fired Plaintiff because of his age in violation of the Age Discrimination in Employment Act and the Illinois Human Rights Act.

***Defendants Discriminated Against Plaintiff On Account Of His Age***

13. Despite Plaintiff's commendable job performance, Defendants abruptly fired him on October 11, 2016.

14. Defendants claim Plaintiff was fired as part of a reduction in force, but the evidence shows that while Defendants may legitimately have wished to reduce their workforce, they intentionally selected Plaintiff for inclusion in the reduction because of his age. To be sure, Plaintiff – who was the oldest Director of Operations and was the oldest employee in the entire division – was the only person in his position selected for termination. The three other Directors of Operations were all younger than Plaintiff and were all retained and assigned to redefined roles.

15. Further, the younger employees were all kept over Plaintiff even though Plaintiff had the most seniority in the Director of Operations position and with one exception had a longer tenure with Defendants than all of them.

16. Despite Plaintiff's request, Defendants refused to provide any explanation for how they made the decisions. Indeed, the decision-makers had never even met Plaintiff and, therefore, had no legitimate basis to assess his abilities before making their decisions.

17. Defendants now claim that Plaintiff was selected for termination because "his

3

functional area was determined to have the least impact on the business." This is pretext. Following Plaintiff's termination, the role of every Director of Operations was restructured and job duties were reassigned among all of them. None of them kept the same job or performed the same tasks so their former "functional areas" were of no consequence going forward. Further, over the course of his tenure, Plaintiff had at one time or another managed every region and every regional manager position in the country – and managed them well – so there was no assignment or territory he could not have assumed.

18. Plaintiff was not the only person affected by Defendants' animus against older employees. More specifically, in the same reduction in force, employees over the age of 40 were nearly twice as likely to be terminated as were their colleagues who were under the age of 40: 20.97% of all employees over the age of 40 were fired, as compared to only 11.49% of employees under the age of 40.

19. Employees over the age of 40 were nearly twice as likely to be terminated as employees younger than 40 even though there were considerably more employees under 40 than over 40. In other words, even though employees over the age of 40 comprised only 42% of the division's workforce, they comprised over 56% of those selected for termination. It is statistically impossible for this result to occur by chance.

*Defendants Failed To Exercise Reasonable*
*Care To Prevent And Correct Unlawful Conduct*

20. Defendants directed, encouraged, and participated in the above-described unlawful conduct. Further, Defendants failed to exercise reasonable care to prevent and correct promptly any harassment or discrimination. Plaintiff did not unreasonably fail to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

4

21. The discrimination described above was consistent with Defendants' standard operating procedure.

22. Defendants acted with malice or with reckless indifference to Plaintiff's federally and state protected rights.

*Plaintiff Timely Filed A Charge Of Discrimination*

23. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 24, 2017. Plaintiff now files this lawsuit pursuant to 29 U.S.C. § 626(d) because 60 days have passed since the filing of his charge.

24. The EEOC cross-filed Plaintiff's charge of discrimination with the Illinois Department of Human Rights ("IDHR") pursuant to the work-sharing agreement between the EEOC and IDHR. The IDHR has or will adopt the EEOC's determination, pursuant to the 2011 amendments to the IHRA (Public Law 97-0596, 775 ILCS 5/7A-102(A-1)(3)).

*Plaintiff Suffered Damage*

25. As a direct and proximate result of the unlawful conduct Plaintiff experienced, he has suffered extreme emotional and mental distress.

26. Plaintiff has lost wages, compensation and benefits as a result of Defendants' unlawful conduct.

27. Plaintiff's career and reputation has been irreparably damaged as a result of Defendants' unlawful conduct.

28. Plaintiff suffered embarrassment and humiliation as a result of Defendants' unlawful conduct. Plaintiff suffered loss of enjoyment of life, inconvenience and other non-pecuniary losses as a direct result of Defendants' unlawful conduct, as well as incurring attorneys' fees and costs.

*Punitive Damages / Liquidated Damages*

29. Defendants acted and/or failed to act with malice or willfulness or reckless indifference to Plaintiff's rights. The conduct alleged herein was willful and wanton and justifies an award of punitive damages and/or liquidated damages.

## COUNT I

### AGE DISCRIMINATION IN VIOLATION OF ADEA

30. Plaintiff realleges paragraphs 1 through 29 and incorporates them by reference into Count I of this Complaint.

31. The Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.*, ("ADEA") makes it unlawful for an employer to fail or refuse to hire, discharge, limit, segregate, or classify its employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age.

32. By the conduct as alleged herein, Defendants subjected Plaintiff to age discrimination in violation of ADEA.

33. Defendants' conduct constitutes willful age discrimination against Plaintiff.

## COUNT II

### AGE DISCRIMINATION IN VIOLATION OF IHRA

34. Plaintiff realleges paragraphs 1 through 33 and incorporates them by reference into Count II of this Complaint.

35. The IHRA, 775 ILCS 5/2-102(A), makes it unlawful to discriminate against any individual in the terms, privileges or conditions of employment on the basis of age.

36. By the conduct as alleged herein, Defendants subjected Plaintiff to age discrimination in violation of the IHRA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court find in his favor and against the Defendants as follows:

a. Declare that the acts and conduct of Defendants violate the ADEA and the IHRA;

b. Award Plaintiff the value of all compensation and benefits lost as a result of Defendants' unlawful conduct;

c. Award Plaintiff the value of all compensation and benefits he will lose in the future as a result of Defendants' unlawful conduct;

d. In the alternative to paragraph (c), reinstate Plaintiff with appropriate promotions and seniority and otherwise make Plaintiff whole;

e. Award Plaintiff compensatory damages;

f. Award Plaintiff liquidated damages;

g. Award Plaintiff punitive damages;

h. Award Plaintiff prejudgment interest;

i. Award Plaintiff reasonable attorneys' fees, costs and disbursements; and

j. Award Plaintiff such other relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: July 17, 2017

                                          Respectfully submitted,

                                          By:
                                                     */s/Erika Pedersen*
                                                     Attorney No. 6230020

Erika Pedersen
Jill Weinstein
**PEDERSEN & WEINSTEIN LLP**
33 N. Dearborn Street
Suite 1170
Chicago, IL 60602
(312) 322-0710
(312) 322-0717 (facsimile)